LEWIS F. STRATTON, and another, *vs.* FRANK TODD, and others.

Penobscot. Opinion November 19, 1889.

*Agency. Proof. Inference from acts.*

The business of selling logs, after their arrival at the market, is distinct from that of operating in the woods, or the driving of logs.

An agency for the two kinds of business is so different, that proof of an agency for the one, will have no tendency to prove its existence for the other.

To establish an agency by inference, it must be shown that the acts sought to be proved, are of the same general character and effect as those under a recognized agency.

ON MOTION.

By defendants, to set aside the verdict as against law and evidence. The action was to recover for services and expenses in driving defendants' logs, in the spring of 1887, by virtue of an alleged contract with Thomas Mason, their agent. The defendants denied the agency. They are the owners of T. 4, R. 9 on the Wassatiquoik river, and made a contract in 1884 with one Tracy by which he was to operate there, for five logging seasons, in cutting, hauling and driving logs, and delivering them at Penobscot boom to the defendants. Tracy had the sole control of the cutting, hauling and driving to the boom. The plaintiffs claimed that Mason, as defendants' agent, agreed to pay for driving some of these logs from Mattawamkeag to the Penobscot boom. Mason denied that he had so agreed.

There was a verdict for the plaintiffs.

*C. P. Stetson,* for defendants.

A principal is responsible, either when he has given to an agent sufficient authority, or when he justifies a party dealing with his agent in believing that he has given to the agent this authority.

A principal is responsible, only for appearance of authority which is caused by himself, and not for that appearance of conformity to authority which is caused by the agent. An agent

employed for a special purpose derives from this no general authority from his principal. *Taft* v. *Baker*, 100 Mass. 68, 74 ; *Gardner* v. *B. & M. R. R. Co.*, 70 Maine, 181; 1 Pars. Cont. 48, 49 ; *Hazeltine* v. *Miller*, 44 Maine, 177 ; *Temple* v. *Pomroy*, 4 Gray, 128 ; *Clough* v. *Whitcomb*, 105 Mass. 482.

Where the belief of the authority of an agent arises only from previous action, on his part as an agent, the persons so treating with him must, on their own responsibility, ascertain the nature and extent of his previous employment. 1 Pars. Cont. 49.

*D. F. Davis and C. A. Bailey*, for plaintiffs.

Plaintiffs had good reason to believe that Mason had authority to bind the Todds.

The evidence is undisputed that Mason had the entire control of all the Todd logs, after they reached Penobscot boom ; that he contracted and paid for, shoring and booming them as well as for running them ; that he sold and received pay from them ; that he was known by everybody on the river as the Todds' agent ; that he had never intimated to any body that his agency stopped at Penobscot boom ; that this agency, whatever it was, extended over a period of several years ; that the plaintiffs' witnesses knew nothing about any contract between the Todds and Tracy to drive the logs ; that the plaintiffs themselves, as they say, knew nothing of any such contract ; that in 1885 Mason made a contract with one of the plaintiffs, Burke, to drive logs similarly situated to those in controversy ; that Burke did drive them, and Mason paid him ; and that that transaction was after the contract between Tracy and the Todds to do the same business, (July 18, 1884) ; that Mason at the time he made the first contract with Burke in 1885, did not intimate to him that he must get, or had got authority from the Todds, nor did he say to him that Tracy was under contract to do the same work which he was paying him, Burke, to do.

The work done was of the greatest importance to the log owners. Tracy had all, and more than he could do on the Wassatiquoik, and East Branch, as appears by the letter from Todd to Mason. There is no evidence that Mr. Tracy paid any attention whatever to the logs that went adrift from Mattawamkeag to

Lincoln; neither is there evidence that either of the Todds did so. There was no one to do it except Mason whom everybody supposed was Todds' agent to do such work.

DANFORTH, J. In order to maintain this action the burden of proof is upon the plaintiffs to show that, in the matter in controversy, Thomas Mason was the authorized agent of the defendants, or by them held out as such.

An examination of the testimony not only fails to show this agency, but does show the contrary. Mason had an agency in regard to the logs, but it was confined to the disposal of them after they had been driven to the Penobscot boom. The claim in suit is for driving them above the boom. The duties and responsibilities of these two positions are so different that proof of an agency in one, will have no tendency to show that it exists in the other. *Hazeltine* v. *Miller*, 44 Maine, 177. Besides, the case shows that for all work to be done above the boom, Foster J. Tracy had the sole responsibility and control, by virtue of a written contract with the defendants.

Nor are the plaintiffs any more successful in relation to the other branch of their case. True, it is, that if the defendants have by their words or acts held out Mason as their general agent in respect to these logs, or in respect to this particular transaction, they might be estopped from denying such agency after the plaintiffs had in good faith acted upon such representations. But it is not pretended that the defendants have personally made any such representations. The most that is claimed is that Mason has performed certain acts, in regard to the logs, which have been recognized as valid by the defendants. "But the acts from which authority to do a specific act can be implied, must be of the same general character and effect." *Hazeltine* v. *Miller*, *supra*. It will be found on examination of the testimony that the acts relied upon to sustain this inference, with perhaps one exception, are such as pertain to the disposal of the logs after their arrival at the boom, and were within the acknowledged agency of Mason. As already seen, they were not of the same "general character and effect" as making a contract for driving

the logs above the boom. The single exception, that of the contract for driving in 1885, was founded upon a special authority obtained for that purpose and is not sufficient to prove a general, or any custom, such as is necessary to authorize the inference of general authority.

The case also fails to show any recognition of the authority to make, or the validity of the contract now set up. Assuming the contract made as alleged, though this is denied, it does not appear to have come to the knowledge of the defendants until after part or entire performance, and then was at once repudiated.

*Motion sustained.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.